IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAKEITHAN BARTLETT, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| PEPSI BEVERAGES COMPANY D/B/A | ) | |
| PEPSICO, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

FILED
JUL 12 2017
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

**1:17-cv- 2370 JMS -MPB**

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1981 and under the Americans with Disabilities Act (1991) (42 U.S.C. § 12101, et seq.). Jurisdiction is based on 28 U.S.C. § 1331 to correct unlawful employment practices on the basis of race and disability and to provide appropriate relief to Lakeithan Bartlett ("Bartlett" or the "Employee") who was adversely affected by such practices. The Plaintiff, an employee of Pepsi Beverages Company d/b/a PepsiCo (hereinafter "PepsiCo" or the "Employer" or "Company"), an African-American and an individual with a disability, was subjected to discrimination, harassment and retaliation by the Employer when denied equal employment opportunities at PepsiCo because of his race and disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title

VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to the Americans with Disabilities Act (1991).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff Lakeithan Bartlett, an employee of Defendant PepsiCo, an African-American and an individual with a disability, is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and the Americans with Disabilities Act of 1991 (ADA), 29 U.S.C. § 621, et seq.). Jurisdiction is based on 28 U.S.C. § 1331.

4. At all relevant times, Defendant PepsiCo has continuously been a domestic for-profit company doing business in the State of Indiana and the City of Indianapolis, Indiana and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant PepsiCo has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Lakeithan Bartlett filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") against PepsiCo (EEOC Charge No. 470-2016-03058) alleging violations of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.) by Defendant Employer PepsiCo. *See* Exhibit 1. The EEOC issued a

Dismissal and Notice of Rights dated April 13, 2017, and the Plaintiff received said notice on or about April 15, 2017. *See* Exhibit 2. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 1, 2015, Defendant engaged in unlawful employment practices at its Indianapolis, Indiana location in violation of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (1991) (42 U.S.C. §12101, et seq.). Defendant subjected Plaintiff Bartlett to discrimination, harassment and retaliation on the basis of his race (African-American) and his disability.

8. The effect of the practices complained of has been to deprive Bartlett of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race and disability.

9. The unlawful employment practices complained of were intentional and reckless.

10. The unlawful employment practices complained of were done with malice and reckless indifference to the federally protected rights of Bartlett.

## FACTS

11. Plaintiff Lakeithan Bartlett was employed at Pepsi Beverages Company d/b/a PepsiCo as a Production Operator for eight (8) years.

12. Plaintiff was subjected to race discrimination and harassment from Production Supervisor Steve Scott and Manager Rick Purvis during his employment.

13. Specifically, Steve Scott and Rick Purvis would belittle, harass and intimidate Plaintiff on a daily basis. Plaintiff complained to Human Resources, but things got worse.

14. Plaintiff was forced to sign a last chance agreement in order to keep his job.

3

15. Plaintiff did not receive or sign two (2) of the write-ups that the last chance agreement was based on.

16. Specifically, one of Plaintiff's write-ups was rescinded because PepsiCo failed to write-up similarly situated Caucasian employees for the same issue. There were similarly situated Caucasian employees who made mistakes on the job and damaged equipment, but nothing was done to them.

17. Bartlett was on leave under the Family Medical Leave Act (FMLA) and Production Supervisor Steve Scott wanted him to sign a paper about his medical condition and symptoms that stated he could not do his job, but Bartlett refused to sign it.

18. Bartlett was told that Manager Rick Purvis had a problem with people on FMLA and tried to fire them.

19. Plaintiff was terminated from PepsiCo on May 3, 2016 for signing off on a wrong date code.

20. However, Plaintiff asserts that the date coders were faulty and someone other than him had removed the safeguards.

21. Plaintiff later discovered that PepsiCo falsely reported to future potential employers that he only worked at the company for two (2) years rather than eight (8) years and that he was terminated for poor attendance.

22.  Plaintiff Bartlett was subjected to discrimination, harassment and retaliation based on his race (African-American) in violation of the Civil Rights Act of 1964 (Title VII) and based on his disability in violation of the Americans With Disabilities Act (ADA) of 1991.

23.  On or about September 21, 2016, Plaintiff Bartlett filed a Discrimination Charge No. 470-2016-03058 with the Equal Employment Opportunity Commission ("EEOC") against PepsiCo alleging race and disability discrimination and retaliation during his employment. *See* Exhibit 1.

24.  On or about April 13, 2017, the EEOC issued a Dismissal and Notice of Rights for Charge No. 470-2016-03058, and the Plaintiff received said notice on or about April 15, 2017. *See* Exhibit 2.

25.  The conduct of the Defendant, which is complained of herein, is in violation of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (1991) (42 U.S.C. §12112, et seq.), and the Plaintiff seeks the following relief from discrimination.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination, harassment and retaliation and any other employment practices, which discriminates on the basis of race and disability.

B.  Order Defendant to institute and carry out policies practices, and programs, which provide equal employment opportunities for African-Americans and disabled employees and other, protected classes, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make Plaintiff whole by providing compensation for past and future pecuniary losses (back pay and front pay) resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant Employer to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Plaintiff punitive damages for its intentional, malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief to the Plaintiff, as the Court deems necessary and proper in the premises.

G. Award the Plaintiff his costs, including attorney fees, pursuant to 42 U.S.C. §12205 in this action.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted

By: _____
Michelle Smith Scott, Atty. ID #18983-49A
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone: (317) 371-3667
Facsimile: (317) 376-7043

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Complaint* has been served by first-class United States mail, postage prepaid, this 12th day of July, 2017, upon:

              Pepsi Beverages Company d/b/a PepsiCo
              5411 W. 78th St.
              Indianapolis, IN 46268

              _____
              Michelle Smith Scott, Esq.

Michelle Smith Scott
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone:  (317) 371-3667
Facsimile:   (317) 376-7043